**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARIA AQUINO,
              Appellant,

     v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
AT-0752-18-0172-I-1

DATE:  November 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steve Newman, Esquire, New York, New York, for the appellant.

Eric B. Fryda, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's claim of noncompliance with the settlement agreement to the regional office for docketing as a petition for enforcement.

¶2 Effective November 27, 2017, the agency removed the appellant from her Supervisor, Customer Services position based on alleged misconduct. Initial Appeal File (IAF), Tab 4 at 82-85. She filed an appeal of her removal, and, while her appeal was pending, the parties entered into a settlement agreement that provided for the withdrawal of the appeal. IAF, Tabs 1, 20. The administrative judge accepted the agreement into the record for enforcement purposes and dismissed the appeal as settled upon finding that the parties understood the terms of the agreement, the agreement was lawful on its face, and the parties had agreed to make the agreement enforceable by the Board. IAF, Tab 21.

¶3 The appellant timely petitions for review and contends that her attorney acted unethically and provided false information to the administrative judge. Petition for Review (PFR) File, Tab 1 at 4. She further raises arguments and presents evidence pertaining to the merits of her appeal, and she alleges that the agency has not complied with the settlement agreement. *Id.* at 4-5. The agency responds in opposition to the petition for review. PFR File, Tab 3.

¶4 A settlement agreement is a contract between the parties, and its terms are to be interpreted as a question of contract law. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010). An appellant may challenge the validity of a

settlement agreement if she believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Id.* Even if invalidity was not apparent at the time of settlement, the agreement must be set aside if it is subsequently shown by new evidence that the agreement was tainted with invalidity by fraud or misrepresentation. *Id.* However, the party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id.* To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of the other party's coercive acts. *Potter v. Department of Veterans Affairs,* 111 M.S.P.R. 374, ¶ 6 (2009). An appellant's mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Id.*

¶5 On review, the appellant has not presented any evidence or argument suggesting that the settlement agreement resulted from fraud, coercion, or mutual mistake. PFR File, Tab 1 at 4-5. She merely alleges that she has new evidence that she could present that would assist her in pursuing her appeal. *Id.* at 4. However, her arguments concerning the merits of her case are not relevant to the question of whether the settlement agreement is valid. *Cf. Scott v. Department of Veterans Affairs,* 89 M.S.P.R. 650, ¶ 9 n.4 (2001) (stating that the appellant failed to show how arguments concerning the merits of her case were relevant because her case was dismissed pursuant to a settlement agreement). To the extent the appellant claims that the agreement is invalid because of misconduct on the part of her representative, coercive acts by a party's own representative do not provide a basis for overturning a settlement agreement that is otherwise fair. *Bynum v. Department of Veterans Affairs,* 77 M.S.P.R. 662, 665 (1998). Because the appellant has not met her heavy burden of alleging facts that, if proven, would compel the Board to set aside the settlement agreement, we discern no basis to set

aside the settlement agreement or disturb the initial decision dismissing the appeal.

¶6 The appellant has filed motions asking to submit additional evidence because she asserts that she discovered new information and new witnesses have come forward. PFR File, Tabs 5-6. We deny the appellant's motions to submit additional evidence because she has not shown that the alleged new evidence is material to the dispositive issues in this case. *See, e.g.*, *Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 4, n.4 (2014). Further, we find that she has not established a basis for reopening or reinstating her appeal because she has not demonstrated unusual circumstances, such as misinformation or new and material evidence. *See Walker v. U.S. Postal Service*, 89 M.S.P.R. 210, ¶ 5 (2001).

¶7 The appellant also asserts that the agency has not complied with the settlement agreement. PFR File, Tab 1 at 4. We forward this claim to the Atlanta Regional Office for docketing as a petition for enforcement. *See Secrist v. U.S. Postal Service*, 115 M.S.P.R. 199, ¶¶ 8-9 (2010); 5 C.F.R. § 1201.182(a).

¶8 This is the final decision of the Merit Systems Protection Board regarding the validity of the settlement agreement. The initial decision remains the final decision of the Board regarding the appellant's challenge to the removal action. 5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

_Jennifer Everling_

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.